IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **MELISSA MCDERMOTT,** )<br>)<br>) **CIVIL ACTION NO:**<br>**Plaintiff,** )<br>v. ) **JURY TRIAL DEMANDED**<br>)<br>**PATIENT FIRST CORPORATION,** )<br>)<br>**Serve: Stephen C. McCoy** )<br>    **5000 Cox Rd,** )<br>    **Glen Allen, VA 23060-9263** )<br>)<br>**Defendant.** ) | |

## COMPLAINT

Plaintiff, Melissa McDermott ("McDermott" or "Plaintiff"), by counsel, for her Complaint against Defendant, Patient First Corporation ("Patient First" or "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff McDermott is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Hampton, Virginia.

2. Defendant Patient First is a Virginia corporation, with its headquarters and principal place of business in Glen Allen, Virginia. Defendant does business throughout the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Prior to instituting this suit, McDermott timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on November 2, 2021. A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."

5. The EEOC failed to resolve the claim and issued a right-to-sue letter dated November 14, 2021. A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B." Plaintiff has filed her complaint within 90 days from the date she received her notice authorizing the right to bring this action.

## STATEMENT OF FACTS

6. Plaintiff McDermott is a Caucasian female.

7. Defendant Patient First is a healthcare provider.

8. McDermott began working at Defendant's Hampton location on or about November 23, 2020 as a Patient Service Representative.

9. At the time of her hiring, Plaintiff specifically told Defendant that she would be starting nursing school in or around January 2021.

10. In December 2020, Plaintiff's immediate supervisor, Kristin Gilbert ("Gilbert") communicated with Defendant's Human Resources department – specifically inquiring as to how she should schedule Plaintiff throughout the month of January 2021.

11. Gilbert developed a schedule for Plaintiff for the months of January and February 2021 that successfully accommodate Plaintiff's school schedule and allowed her to continue to work full-time for Defendant.

12. Plaintiff's coworkers began to grumble out loud displeasure with what they perceived as favoritism by Defendant toward Plaintiff.

13. Specifically, Plaintiff's coworkers Nilsa Jiminez ("Jiminez"), a Hispanic female, Jasmine Wilson ("Wilson"), a Black female, and Brandon Roberts ("Roberts"), a Black male, voiced concerns that Defendant was favoriting Plaintiff.

14. Jiminez, Wilson and Roberts began verbally bullying Plaintiff. Plaintiff told her supervisor that she felt she was being picked-on because of her race.

15. The bullying intensified in the Spring of 2021. For instance, Roberts repeatedly called Plaintiff and another white female coworker, Jennifer Kernodle (Kernodle) "bitches" and "ratchet whores."

16. In or about June 2021, Wilson physically attacked, battered and assaulted Plaintiff at work, during work hours. Plaintiff complained to her then supervisor, Kristen Kelly.

17. Kelly did nothing to address Plaintiff's complaints.

18. Also, in our about June 2021, Roberts sent a threatening text to Plaintiff. Plaintiff complained to Kelly that she felt threatened because of Robert's text. Plaintiff specifically complained that she was concerned about workplace violence.

19. Kelly, again refused to listen to Plaintiff's concerns. Instead, Kelly claimed that Plaintiff was in fact threatening work place violence.

20. Plaintiff then attempted to voice her concerns about the bullying and unfair treatment by her coworkers and supervisors to other members of Defendant's management.

21. At one point in June 2021, Plaintiff attempted to talk with Defendant's CEO about her concerns. Defendant's management threatened to "call the police" on Plaintiff.

22. Plaintiff repeatedly pointed to Defendant's employee handbook policies while voicing her concerns of unfair racially motivated bullying of herself – and her white coworker, Kernodle.

23. Ultimately, in late June 2021, Defendant suspended – without pay – for one week

24. the only two victims of the threats and harassing conduct, Plaintiff and Kernodle -- both Caucasian females.

25. In response, in July 2021 Plaintiff was constructively discharged from employment with Defendant – when she quit because of Defendant's failure to address her complaints of workplace discrimination and then retaliated against her by suspending her without pay for one week.

## COUNT I
### Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. *et seq.*

18. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

19. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. Defendant discriminated against Plaintiff based on her race.

20. Defendant's conduct was intentional and its violations of federal law were willful.

21. As a direct and proximate result of Defendant's violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

22. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

## COUNT II
### Retaliation in Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.

23. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

24. Defendant adversely affected Plaintiff's employment assignments and opportunities as retaliation for her complaints of workplace discrimination, bullying and harassment.

25. Defendants' conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

26. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

27. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses.

28. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Melissa McDermott, prays for entry of judgment in favor of Plaintiff and against Defendant Patient First Corporation in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages;

e. Attorneys' fees and court costs associated with this suit; and

f. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: February 11, 2022	Respectfully submitted,

                                         MELISSA MCDERMOTT

                                         _____
                                         Todd M. Gaynor, Esquire
                                         Virginia Bar No.: 47742
                                         GAYNOR LAW CENTER, P.C.
                                         440 Monticello Avenue, Suite 1800
                                         Norfolk, Virginia 23510
                                         PH: (757) 828-3739
                                         FX: (75) 257-3674
                                         EM: tgaynor@gaynorlawcenter.com

                                         *Counsel for Plaintiff*